UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jamie Payne,                                                   Case No. 3:23-cv-849

          Plaintiff,

     v.                                                       ORDER

Meijer Stores Limited Partnership, *et al.*,

          Defendants.


On April 24, 2023, Plaintiff Jamie Payne filed the action against Defendants Meijer Stores Limited Partnership and Meijer Incorporated.  (Doc. No. 1).  Plaintiff alleges this court has original diversity jurisdiction over this matter.  (Doc. No. 1 at 2; Doc. No. 4).

 For a district court to have original diversity jurisdiction over a matter, complete diversity must exist between the parties to the dispute.  28 U.S.C. § 1332(a).  To satisfy the diversity requirements of diversity jurisdiction, the dispute must be between citizens of different states.  28 U.S.C. § 1332(a)(1).  "[A] limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside."  *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005) (emphasis in original).

Despite this well-settled precedent, Plaintiff does not state the limited and general partners of Defendant Meijer Stores Limited Partnership or their respective citizenships.  Without this information, I cannot determine the citizenship of Defendant Meijer Stores Limited Partnership.  Therefore, I cannot conclude diversity jurisdiction was properly invoked.

To maintain this action in federal court, Plaintiff must supplement the Complaint by filing an affidavit of jurisdiction on or before July 15, 2023.  In the affidavit, Plaintiff shall identify all general and limited partners of Defendant Meijer Stores Limited Partnership.  If any of those partners are themselves unincorporated entities, Plaintiff must also identify that partner's sub-"members" (e.g., if the entity is an LLC, Plaintiff must identify each member and sub-member of the LLC).  Plaintiff shall then state jurisdictional allegations sufficient for me to determine the citizenship of each general and limited partner (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).  To be clear, jurisdictional allegations must be stated for every sub-"member" of an unincorporated partner as well.  *See, e.g.*, *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

I urge Plaintiff to confer with Defendants to acquire this information so that the matter may be resolved as soon as possible.  Should Plaintiff require any extension of the deadline to file the affidavit of jurisdiction, the motion shall detail Plaintiff's efforts to obtain the information in sufficient time to comply with this Order.  This shall include attempts to contact Defendants.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge